# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY M POLLARD, | : |
| Plaintiff | : |
| v. | : CIVIL ACTION NO. 3:18-CV-1381 |
| | : (Judge Caputo) |
| TAMMY FERGUSON, *et al.*, | : |
| Defendants | : |

# MEMORANDUM

## I. Introduction

Presently before the Court is Mr. Pollard's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 4). For the reasons set forth below, the motion will be denied.

## II. Background

Plaintiff, Wesley M. Pollard, an inmate presently housed at Benner State Correctional Institution (SCI-Benner), in Bellefonte, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983 on July 12, 2018. (ECF No. 1, Compl.). Named as Defendants are the following SCI-Benner employees: Superintendent Tammy Ferguson; Major Timothy Graham; Lieutenant (Lt.) Speck; Lt. Grassmeyer; Lt. Merva; Sergeant (Sgt.) Gerber; Sgt. Kohn; Corrections Officer (CO) Smith; CO Houser; CO Gibson; CO Cowfer; CO Robinson; CO Fishbaine; CO Breeden; and CO Snyder. Mr. Pollard claims that in retaliation for his refusal to accept a cellmate, and in violation of his Eighth Amendment

rights, Defendants placed him in an uninhabitable Restricted Housing Unit (RHU) cell from August 11 – 31, 2017. (*Id.*)

## III. Standard of Review

Although prisoners have no constitutional or statutory right to the appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1); *see also Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

In its decision, the *Tabron* Court announced the factors to be considered by a district court when deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case. Initially, "the district court must consider as a threshold the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, or course, a significant factor that must be considered in determining whether to appoint counsel." *Id.* at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her own case ... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id.*

In addition to the indigent plaintiff's ability to present his or her case, *Tabron* requires the district court to consider the following additional factors: (1) the difficulty of the particular legal issues; (2) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (3) the plaintiff's capacity to retain counsel on his own behalf; (4) the extent to which a case is likely to turn on credibility determinations; and (5) whether the case will require testimony from expert witnesses. *Id.* at 155 - 57. However, while these factors are meant to guide the Court in making its determination, they are not

exhaustive and the Court may consider any other factor it deems relevant. *Id.* at 157. Moreover, it is noted that appointment of counsel under § 1915(d) may be made by the court *sua sponte* at any point in the litigation. *Id.* at 156.

Finally, district "courts have no authority to compel counsel to represent an indigent civil litigant," *id.* at 157 n. 7, and courts are cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such assignments. *Id.* at 157.

## IV. Discussion

Applying the relevant *Tabron* factors in this case, the appointment of counsel is not warranted at this time.

This case is in its procedural infancy. The Court has recently screened Mr. Pollard's Complaint and directed the Clerk of Court to forward it to the Defendants. Defendants will either challenge the legal basis of the Complaint or file an answer. Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.

To the extent that Mr. Pollard's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In addition, Mr. Pollard's concerns over his limited access to the law library do not merit the appointment of counsel. In the event Mr. Pollard needs additional time to research and/or respond to a motion, Mr. Pollard need simply file a motion for enlargement of time with the Court in advance of his response deadline.

Likewise, Mr. Pollard has not suggested any reason why his placement "in segregation" would hamper his capability to represent himself of conduct discovery in this matter.

There is no evidence, at this early point in the litigation, that any prejudice will befall Mr. Pollard in the absence of court appointed counsel. Consequently, Mr. Pollard's request for counsel will be denied without prejudice. Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed.

An appropriate Order follows.

Date: July 26, 2018

A. RICHARD CAPUTO
**United States District Judge**